UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANDREI RVALOV,                                          Civil Case No.

                                Plaintiff,

                                                        **COMPLAINT**

            -against-

THEMEFOOD INC. d/b/a LIVE BAIT,                          **Trial By Jury Demanded**
d/b/a FLATS FIX,
CHARLES MILITE, in his individual and
official capacities,
CAROLYN BENITEZ, in her individual
and official capacities,
JOHN AND JANE DOES 1-10,
individually and in their official capacities, and
XYZ CORP. 1-10,

                                Defendants.

-------------------------------------------------------------------X

        Plaintiff, Andrei Rvalov ("Plaintiff" or "Rvalov"), by his attorneys the Law Offices of

Rudy A. Dermesropian, LLC, complaining of Defendants Themefood Inc. d/b/a Live Bait d/b/a

Flats Fix (collectively referred to as the "Company"), Charles Milite ("Milite"), in his individual

and official capacities, Carolyn Benitez ("Benitez"), in her individual and official capacities, John

and Jane Does 1-10, in their individual and official capacities, and XYZ Corp. 1-10 (collectively

"Defendants"), alleges as follows:

## **INTRODUCTION**

        1.      This action seeks to remedy (1) the unlawful discrimination and retaliation directed

at Plaintiff on the bases of his disability and perceived disability in violation of the Executive Law

of the State of New York, New York State Human Rights Law (the "Executive Law" or

"NYSHRL"), Section 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, et seq.

2.      Plaintiff also brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq.* ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of his lawfully earned wages and benefits.

3.      Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

4.      Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

## PARTIES

5.      Plaintiff, a resident of the State of New York, County of New York, is a current employee of the Company, where he works as a manager at the establishment located at 14 East 23rd Street, New York, NY 10010.

6.      Plaintiff started working for Defendants on or about September 4, 2017.

7.      Plaintiff is a covered employee within the meaning of the FLSA and NYLL, an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL.

8.      Defendant Themefood is a domestic business corporation with a principal place of business at 29 Union Square W, Suite 500, New York, New York 10003.

9.      At all relevant times herein, Themefood has been doing business as Live Bait and/or Flats Fix.

10.     Defendant the Company is a covered employer that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL, and is an "employer" within the meaning of the NYSHRL and the NYCHRL because it has four (4) or more persons in its employ.

11.     At all relevant times herein, Defendant Milite was and still is an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercises control over Plaintiff's employment.

12.     At all relevant times herein, Defendant Benitez was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercises control over Plaintiff's employment.

13.     Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff as set forth herein.

14.     Each John and Jane Doe defendant is an "employee" within the meaning of NYSHRL Section 292(6) and NYCHRL.

15.     Defendants XYZ Corp. 1–10 are additional entities whose true identities are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more other defendants, or any combination of any or all of them.

16.     Each XYZ Corp. defendant is an "employer" within the meaning of NYSHRL and NYCHRL because XYZ CORP. has four (4) or more persons in its employ.

17.     In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337, and 29 U.S.C. § 201, *et seq*., and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

19.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

20.     Plaintiffs' claims involve matters of national or interstate interest.

21.     Defendant the Company is subject to personal jurisdiction in New York because, among other things: (a) it is a New York corporation; (b) conducts business in New York; and (b) maintains an office in New York.

22.     The individual Defendants Milite and Benitez are also subject to personal jurisdiction in New York because they work and/or reside in New York.

23.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

25.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

26.     Plaintiff has over 27 years of experience and expertise in the restaurant, and hospitality industry.

27.     When Plaintiff initially started working for Defendants on or about September 4, 2017, it was agreed that he will provide consulting work for a flat rate of $1,000 per week.

28.     It was also understood and agreed that Defendants will issue Plaintiff an IRS 1099 form for the consulting work he provided for the tax year 2017.

29.     Plaintiff did provide the consulting work to Defendants at their venue located at 14 East 23rd Street, New York, NY 10010, owned and operated by Defendants, and doing business as Live Bait.

30.     Despite satisfactorily providing consulting services to Defendants, the latter failed to issue Plaintiff an IRS 1099 form for 2017.

31.     Plaintiff worked for a total of six (6) weeks as a consultant for Defendants.

32.     However, Defendants failed to either timely of fully pay Plaintiff the $6,000 he was entitled to for the six (6) weeks of consulting work that he performed.

33.     Plaintiff Rvalov was paid approximately $5,200 for his consulting work several weeks late, which Defendants erroneously applied to the 2018 tax year and incorrectly withheld taxes from these payments.

34.     Plaintiff is still owed $800 for the consulting work he performed during the period of September 4, 2017 until October 16, 2017.

35.     In fact, Defendants falsely applied the $5,200 paid to Plaintiff on his 2018 W-2 form.

36.     Subsequently, on or about October 16, 2017, Plaintiff became directly employed by Defendants and was granted the position of manager at the Live Bait located at 14 East 23rd Street, New York, NY 10010.

37.     As understood and agreed, Plaintiff was to receive a gross income of $300 per shift starting from October 16, 2017, and continuing until the present time.

38.     Since the time he became manager at Live Bait, Plaintiff was assigned to the night shift.

39.     Should Plaintiff work a double shift or work the day shift, which was not his normal shift, he would receive another payment of $300 for each additional shift.

40.     Plaintiff was not provided with a NYLL § 195(1) notice when he started his position as manger in October 2017.

41.     Instead, the first time that Defendants provided Plaintiff with such notice was in April 2018.

42.     Also, during the period of October 16, 2017 until on or about April 1, 2018, Plaintiff was not provided with the mandatory NYLL § 195(3) wage statement, also known as pay stub.

43.     In fact, during the period of October 16, 2017 until on or about April 1, 2018, Plaintiff worked a total of approximately 118 shifts, consisting of his regular shifts or double or day shifts.

44.     However, upon information and belief, Plaintiff was not paid the required $300 per shift for a large number of the shifts during that period of time, which is believed to be not less than 35 shifts, and therefore is still owed approximately $10,600 in base compensation for the period of October 16, 2017 until on or about April 1, 2018.

45.     The 35 shifts referenced above consist of approximately 18 unpaid shifts and another $5,200 that were incorrectly applied to Plaintiff's time as a manager, instead of a consultant, and which represent an additional 17 shifts that are still owed to Plaintiff.

46.     The End of Day ("EOD") reports, most of which are in Plaintiff's possession and all of which are in Defendants' possession, unequivocally show that Plaintiff did work the above-referenced 118 shifts.

47.     In or about April 1, 2018, Defendants changed the name of the venue located at 14 East 23rd Street, New York, NY 10010 from Live Bait to Flats Fix.

48.     With the new approach to the business, Defendants approached Plaintiff, who has proven to be an invaluable part of the Company and its future success, and offered him an additional financial incentive.

49.     In fact, in or about August 2018, Defendants Milite and Benitez met with Plaintiff Rvalov and agreed to pay him an incentive commission, in addition to his existing base salary of $300 per shift, equaling ten percent (10%) of the increase of current gross food and beverage sales in any future month starting from June 1, 2018, as compared to the gross food and beverages sales of the same month during June 2017 and May 2018.

50.     Plaintiff agreed to Defendants' additional incentive and agreed to continue his employment with Defendants as manager based on that representation and promise.

51.     As indication of such agreement, Defendants did in fact pay Plaintiff ten percent (10%) of the increase in gross food and beverages sales for the months of June and July 2018 (as compared to the gross sales for June and July 2017), by remitting to Plaintiff an additional check of $1,862.00.

52.     However, since August 1, 2018 until the present, Defendants have failed and refused to continue paying Plaintiff the agreed upon ten percent (10%) additional incentive.

53.     Accordingly, Plaintiff earned and is owed an amount approximately $17,000 representing the ten percent (10%) additional incentive since August 1, 2018 until the present, the exact amount of which will be determined at the time of trial.

54.     Defendants do not contest agreeing to pay Plaintiff the ten percent (10%) additional incentive and in fact concede owing him a certain sum of money, which is why in or about August 2019, Defendants offered Plaintiff the sum of $9,283 as a "paid in full through 8/14/19."

55.     The $9,283 offered by Defendants was rejected by Plaintiff because it is an inadequate amount and is certainly not the full amount owed to Plaintiff under the ten percent (10%) incentive payment agreement.

56.     Plaintiff repeatedly complained and demanded that Defendants properly, timely and fully pay him for the wages owed as a consultant, a manager, and his ten percent (10%) additional incentive.

57.     Defendants refused to address Plaintiff's complaints and demands, and instead engaged in retaliatory actions against him by forcibly having him engage in unlawful and possibly illegal activities at the risk of losing his job.

58. For example, Plaintiff was forced to purchase "cheap" alcohol from a neighboring liquor store, as opposed to purchasing it from approved wholesalers as is required by the New York State Liquor Authority.

59. As another form of retaliation, Defendants have refused to pay Plaintiff the full amounts of money justly owed to him and pressured him to sign documents marked "paid in full."

60. Plaintiff's hours were also increased without justification and more importantly without additional compensation.

61. In addition, almost immediately after Plaintiff started complaining and demanding proper, timely and full pay of his compensation and wages, the Defendants have changed their attitude towards him by speaking to him aggressively and in a demeaning manner.

62. Even Plaintiff's requests for time off to seek medical attention and treatment following an injury he sustained at the workplace have been denied or delayed by Defendants.

63. Defendants' refusal to allow Plaintiff to seek medical attention and treatment by taking time off from work is an obvious form of discrimination and retaliation.

64. Furthermore, following Plaintiff's complaints for improper and unjust pay, Defendants, and in particular Benitez, were forcing Plaintiff to engage in arguments and confrontations with patrons.

65. For example, Defendant Benitez would invite her friend to Plaintiff's place of work and had her friend who proceeded to harass Plaintiff as to both his attire and the manner in which he was performing his duties and responsibilities.

66. However, Plaintiff continued acting in a professional manner and avoided any confrontation with either Defendant Benitez or her guest.

67.     Additionally, due to the stress and anxiety caused by Defendants' discriminatory actions, Plaintiff suffered severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Wage Violations

68.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

69.     The wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

70.     Defendants have willfully failed to pay Plaintiff the earned wages for the time worked.

71.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of his earned wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Wage Violations

72.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

73.     The wage provisions set forth in the New York Labor Law § 191, *et seq.*, and the supporting state regulations, apply to Defendants and protect Plaintiff.

74.     Defendants have willfully failed to pay Plaintiff the earned wage for the time worked.

75.     Defendants' knowing or intentional failure to pay Plaintiff his earned wages for all the time worked is a willful violation of the New York Labor Law § 191, *et seq.*, and the supporting state regulations.

76.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of his earned wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law § 198 (1-b)

77.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

78.     Pursuant to NYLL § 198(1-b), "If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.  The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

79.     Defendants failed to provide Plaintiff within ten business days of his employment a notice as required by NYLL § 195(1), and the first time such a notice was provided was in April 2018.

80.     The wage provisions set forth in the NYLL § 198(1-b), *et seq.*, and the supporting state regulations, apply to Defendants and protect Plaintiff.

81.     As a result of Defendants' unlawful acts, Plaintiff should be awarded five thousand dollars, together with costs and reasonable attorney's fees, as well as any other relief that the Court deems just and proper including but not limited to injunctive and declaratory relief.

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law § 198 (1-d)

82.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

83.     Pursuant to NYLL § 198(1-d), "If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.  The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

84.     Defendants failed to provide Plaintiff with statements as required by NYLL § 195(3).

85.     The wage provisions set forth in the NYLL § 198(1-d), *et seq*., and the supporting state regulations, apply to Defendants and protect Plaintiff.

86.     As a result of Defendants' unlawful acts, Plaintiff should be awarded five thousand dollars, together with costs and reasonable attorney's fees, as well as any other relief that the Court deems just and proper including but not limited to injunctive and declaratory relief.

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law § 215

87.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

88.     Pursuant to NYLL § 215(1)(a), "No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee."

89.     Here, starting in or about July, 2018 until the present, Plaintiff made numerous and repeated complaints to Defendants regarding their engagement in conduct that Plaintiff, reasonably and in good faith, believes violates the provisions the NYLL, in that Defendants failed and refused to pay Plaintiff his earned and justly owed compensation when he worked as a consultant, his earned and justly owed wages of $300 per shift when he worked as a manager, and his earned and justly owed ten percent (10%) incentive payments.

90.     In response to his complaints, Defendants engaged in repeated and continuous acts of retaliation as described herein.

91.     Pursuant to NYLL § 215(2)(b), "The court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation […] Liquidated damages shall be calculated as an amount not more than twenty thousand dollars.  The court shall award liquidated damages to every employee aggrieved under this section, in addition to any other remedies permitted by this section."

92.     Defendants retaliated against Plaintiff in violation of NYLL § 215.

93.     The provisions set forth in the NYLL § 215, *et seq*., and the supporting state regulations, apply to Defendants and protect Plaintiff.

94.     As a result of Defendants' unlawful acts, Plaintiff should be awarded twenty thousand dollars in liquidated damages, together with costs and reasonable attorney's fees, as well as any other relief that the Court deems just and proper including but not limited to a restraining order against Defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION
**New York Labor Law Article 19 – Recordkeeping Violations**

95.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

96.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each work week, as required by NYLL Art. 19 *et seq*., and supporting regulations.

97.     As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to FLSA.

98.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to recordkeeping.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of New York Labor Law Article 6, § 198-c

99.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

100.    Defendants had an obligation to pay Plaintiff for the hours he worked.

101.    Defendants failed, neglected and refused to pay the amounts necessary to Plaintiff within thirty days after such payments were required to be made.

102.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

103.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were or should have been aware that the practices described in this Complaint are unlawful.  Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

## AS AND FOR AN EIGHT CAUSE OF ACTION
**Disability Discrimination in Violation of Executive Law § 296,** *et seq***.**

104.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

105.    Defendants violated the Executive Law § 296, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating, if not the only factor.

106.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

107.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A NINTH CAUSE OF ACTION
**Disability Discrimination in Violation of Administrative Code § 8-107,** *et seq***.**

108.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

109.    Defendants violated the Administrative Code § 8-107, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating, if not the only factor.

110.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

111.    As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

112.    As a result of the outrageous, wanton, malicious and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
### Breach of Contract of the Consultant Agreement

113.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

114.    The terms of the consulting agreement commenced on September 4, 2017.

115.    Plaintiff satisfactorily fulfilled all of his responsibilities under the consulting agreement.

116.    Defendants agreed to pay, and Plaintiff agreed to receive, $1,000.00 per week as a consultant.

117.    The term of the consulting agreement lasted six (6) weeks.

118.    Defendants have not paid Plaintiff the full amount agreed to and earned by Plaintiff when working as a consultant.

119.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be not less than $800.00.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### Breach of Contract of the Ten Percent (10%) Incentive Payment Agreement
### [In the alternative]

120.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

121.    The terms of the ten percent (10%) incentive agreement effectively commenced June 2018, and are continuing until the present time.

122.    Plaintiff satisfactorily fulfilled, and continues to fulfill, all of his responsibilities under this agreement.

123.    Defendants agreed to pay, and Plaintiff agreed to receive, ten percent (10%) of the increase of current gross food and beverage sales in any future month starting from June 1, 2018, as compared to the gross food and beverages sales of the same month during June 2017 and May 2018.

124.    Defendants partially performed their obligations under this agreement by remitting to Plaintiff a check of $1,862.00, representing ten percent (10%) of the increase in gross food and beverages sales for the months of June and July 2018.

125.    The term of this agreement are still ongoing.

126.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be not less than $17,000.00.

127.    This amount is also believed to continue to increase throughout Plaintiff's employment with Defendants.

## JURY DEMAND

128.    Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrei Rvalov prays that this Court award Plaintiff:

A.    First Cause of Action: unpaid wages pursuant to the FLSA and the supporting United States Department of Labor regulations in an amount not less than $10,600, and an additional and an equal amount as liquidated damages not less than $10,600;

18

B.       Second Cause of Action: unpaid wages pursuant to the NYLL and the supporting state regulations in an amount not less than $10,6000, and an additional and an equal amount as liquidated damages not less than $10,600;

C.       Third Cause of Action: pursuant to NYLL 198(1-b), $5,000, together with costs and reasonable attorney's fees, including injunctive and declaratory relief;

D.       Fourth Cause of Action: pursuant to NYLL 198(1-d), $5,000, together with costs and reasonable attorney's fees, including injunctive and declaratory relief;

E.       Fifth Cause of Action: pursuant to NYLL 215, $20,000 in liquidated damages, together with costs and reasonable attorney's fees, as well as any other relief that the Court deems just and proper including but not limited to a restraining order against Defendants.

F.       Sixth Cause of Action: violation of NYLL Article 19, for noncompliance with recordkeeping requirements, in an amount to be determined at trial;

G.       Seventh Cause of Action: violation of NYLL Article 6, § 198-c, in an amount to be determined at trial;

H.       Eighth Cause of Action: full compensation damages under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*;

I.       Ninth Cause of Action: full compensation damages under the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

J.       Tenth Cause of Action: breach of contract of the consultant agreement in an amount to be determined at trial, but not less than $800.00;

19

K.      Eleventh Cause of Action: breach of contract of the ten percent (10%) incentive agreement in an amount to be determined at trial, but not less than $17,000.00;

L.      Equitable relief of back pay, salary and fringe benefits in an exact amount to be determined at trial;

M.      Full liquidated and punitive damages as allowed under the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

N.      Pre-judgment and post-judgment interests;

O.      A declaratory judgment declaring that the acts and practices complained of herein are in violation of the Executive Law and the Administrative Code;

P.      An amount to be determined at trial of lost compensation, back-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

Q.      Such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

R.      Cost of prosecuting this action and for reasonable attorneys' fees; and

S.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 15, 2019

Respectfully submitted,

**LAW OFFICES OF RUDY A. DERMESROPIAN, LLC**

By: __/s/ Rudy A. Dermesropian_____
       Rudy A. Dermesropian, Esq.
       260 Madison Avenue, 15th Floor
       New York, New York 10016
       (646) 586-9030

       *Attorney for Plaintiff*

20